UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL C. ARRIWITE,<br><br>    Plaintiff,<br><br>    v.<br><br>SME STEEL CONTRACTORS, INC.,<br>SME John Does I-V,<br><br>    Defendants. | Case No. 4:18-cv-00543-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant SME Steel Contractors, Inc.'s ("SME") Motion to Exclude Expert Witness Testimony of Debra Nims. Dkt. 41. Plaintiff Daniel Arriwite opposes the Motion. Dkt. 47.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the motion.

## II. BACKGROUND

Trial in this matter is scheduled to begin on October 25, 2021. Dkt. 38. Pursuant to the Court's Order Setting Jury Trial, all *Daubert* motions were due on or before June 18,

MEMORANDUM DECISION AND ORDER - 1

2021. *Id*. at 2. On June 18, 2021, SME filed the instant motion seeking to exclude the testimony of Debra Nims, one of Arriwite's experts. Nims is a Certified Industrial Hygienist and Certified Safety Professional who provided testimony in this case supportive of Arriwite. SME asks the Court for an order excluding Nims from testifying at trial based upon the inadequacy of her report and the unreliability of her testimony.

### III. LEGAL STANDARD

The extent to which experts may render an opinion is addressed under the well-known standard established in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and its progeny, and now set forth in Rule 702 of the Federal Rules of Evidence. *See Moore v. Deer Valley Trucking, Inc.,* No. 4:13-CV-00046-BLW, 2014 WL 4956241, at *1 (D. Idaho Oct. 2, 2014).

Rule 702 establishes several requirements for admitting an expert opinion. First, the evidence offered by the expert must assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Id.* (cleaned up).

Additionally, the witness must be sufficiently qualified to render the opinion. *Id.* If specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact in issue, a witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid.

MEMORANDUM DECISION AND ORDER - 2

702; *Daubert,* 509 U.S. at 592–93; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The inquiry is a flexible one. *Primiano*, 598 F.3d at 564. Ultimately, a trial court must "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* (cleaned up).

Reliability and relevance, however, must be distinguished from problems with expert opinions that amount to impeachment and, consequently, do not warrant exclusion. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (stating that, under *Daubert*, "[t]he judge is 'supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable.'" (quoting *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). Thus, "[a]s *Daubert* confirmed, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *United States v. Wells*, 879 F.3d 900, 933 (9th Cir. 2018) (quoting *Daubert*, 509 U.S. at 596).

## IV. ANALYSIS

As noted, SME raises two primary objections to Nims' testimony. First, SME argues Nims' expert report fails to comply with Federal Rule of Civil Procedure 26(a)(2)(B). Second, SME states that even if her report did comply with Rule 26, her testimony is substantively flawed and cannot "satisfy the reliability and relevance requirements of . . . Rule 702." Dkt. 41, at 4. The Court will address each argument in turn.

### A.  Rule 26 Disclosure

SME begins by arguing that Nims' expert report fails to comply with Federal Rule

of Civil Procedure 26 because her report contains assumptions rather than facts and must be excluded "for this reason alone." Dkt. 41, at 3. When Arriwite pointed out that concerns about reliability do not relate to the procedural requirements of Rule 26 disclosures, SME confusingly stated "by way of clarification" that it "is not seeking to exclude Ms. Nims' testimony based upon the inadequacy of her report itself. Rather, Defendant asserts that the expert report, which must meet several criteria, is inadequate in than if it does set forth all of the expert's opinions and the facts supporting them, the opinions should be excluded because the testimony is not 'based upon sufficient facts or data . . . .'" Dkt. 51, at 2 (quoting Fed. R. Evid. 702). The Court is not disputing the interplay between what is actually in an expert's report and, therefore, the overall "sufficiency" of that report, but SME is conflating two separate issues. The Court will discuss the underlying sufficiency of Nims' report— the "facts and the data"—in the following section. Here, however, the Court must address the procedural requirements of Rule 26.

Under Rule 26(a)(2)(B) an expert witness's report must contain, among other things: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them . . . ."

Nims' report clearly complies with these requirements. Dkt. 41-1. Nims begins her 4-page report by reviewing the various materials she reviewed in preparing her opinion including many of the documents in this case, as well as other applicable reference materials. *Id*. at 2–3. Each document from this case is identified by date and the outside reference materials are identified by title, source location, date, and/or website. *Id*. Nims

MEMORANDUM DECISION AND ORDER - 4

goes on to outline her various opinions and upon what factors those opinions are based. *Id*. at 3–5.

In short, this is a typical expert report that sufficiently conforms with the requirements outlined in Rule 26(a)(2)(B) and SME's arguments as to the adequacy of Nims' report under Rule 26 are without merit. The Court turns next to SME's more substantive arguments.

## B. Reliability of Testimony

Separately—and apparently also under the umbrella of its first objection—SME agues that Nims' report does not meet the requirements under *Daubert* and Rule 702 for admissibility because some of her statements are couched in non-absolute terms or are contradicted by the factual testimony of other witnesses. SME's first objection is a non-starter. And its second group of concerns are not truly objections to the sufficiency, methodology, or reliability of Nims' report; they are factual disagreements that will be fleshed out at trial.

### 1. Terminology

SME contends that Nims' use of phrases such as "may have been," "likely not," and "does not appear" indicates her report is speculative and not based on sound principles. The Court has addressed this issue before. In *Elosu v. Middlefork Ranch Inc.*, the Defendant challenged the sufficiency of the Plaintiff's expert report. One of the Defendant's arguments was that the report used non-absolute terms and was, therefore, speculative. Plaintiffs responded by arguing that its expert's report, and his theories, were "no different from any other expert [] because all theories are, by their nature, speculative." No. 1:19-

CV-00267-DCN, 2021 WL 230038, at *8 (D. Idaho Jan. 22, 2021). The Court agreed that

most experts are expressing their "working theories" of a particular case, "but even as such,

[an expert] still must provide *something* concrete (i.e. not simply a myriad of assumptions

and negative inferences) in support of [his or her] theory." *Id.* In that case, the Court found

that not only was the expert's theory based upon speculative assumptions, but it was flatly

contradicted by numerous eyewitnesses and every other expert. The Court ultimately found

it would "not allow such a speculative, unsupported opinion to be presented to a jury for

consideration." *Id*.

Such is not the case here. To begin, Nims' usage of certain phrases is far less

egregious in this case than in *Elosu*. More importantly, however, her opinions are based

upon her research and interpretation of the facts. SME has not submitted any expert report

to contradict her findings, but simply supplied testimony from its 30(b)(6) deponent which

calls into question (but does not definitely overcome) Nims' opinions. The Court finds

Nims' proffered testimony is not speculative based solely upon the use of certain terms.

### 2.  *Factual Disagreements*

Speaking of Nims' actual opinions: as previously discussed, the bulk of SME's

objections to Nims' report and testimony are factual in nature. Factual disputes, however,

cannot be resolved in this manner. The Court is not the fact-finder at this stage of the case;

a jury is. The Court is simply the gatekeeper to ensure any expert testimony is reliable and

based upon facts sufficient to support the various conclusions. *Kumho Tire*, 526 U.S. at

147. The jury will have opportunity to hear Nims' testimony and weigh what she has to

say. And SME will have ample opportunity to cross-examine Nims and her opinions.

To be sure, it does appear there are some discrepancies between Nims recitation of the facts and what others have said took place in this case. But the fact that Nims' conclusions *may* not absolutely find corroboration in the record goes to the weight of her testimony, not its admissibility. The Court does not know which version of the facts is correct, but even assuming arguendo that it found Nims' opinions rested on imperfect factual contentions, such would still not mean the wholesale exclusion of her testimony. As the Court noted, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Wells*, 879 F.3d at 933. Such will occur in this case. Nims has put forth her opinions. Her opinions are based upon reasonable and reliable information. If there are lingering problems with Nims' understanding of the facts, SME's cross-examination will reveal and examine those interpretations and it will be up to the jury to decide which version of facts (and any accompanying expert testimony) to rely upon when deciding this case.

The Court has reviewed Nims' report. Dkt. 41-1. It conforms with Rule 26. What's more, it appears to be based upon "good science" and is "relevant." *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996), as amended (Oct. 28, 1996). Any alleged problems with how Nims applied her methodology to the facts go to the weight, but not the admissibility, of her testimony and will be determined at trial. *See Kennedy v. Collagen Corp.,* 161 F.3d 1226, 1230–31 (9th Cir.1998).[1]

---

[1] SME makes a final argument that Nims should not be able to utilize or rely upon the affidavit she submitted in support of Arriwite's opposition to its motion because it was not disclosed. Again, SME conflates and

**V. ORDER**

IT IS HEREBY ORDERED:

1.  SME's Motion in Limine to Exclude Expert Witness Testimony of Nims (Dkt. 41)

    is DENIED.

DATED: August 16, 2021

David C. Nye
Chief U.S. District Court Judge

---

confuses various principles. The affidavit (Dkt. 47-5) is just that: an affidavit filed in support of a party's brief. It is not a supplemental report, nor has Arriwite indicated he intends to rely on the affidavit itself at trial. SME contends there are new facts and new opinions contained in this affidavit and suggests Arriwite will try and sneak them in at trial. The Court reads Nims' affidavit as an explanation of her prior report, not as any new opinion that will be shared at trial. That said, it is SME's prerogative to object to any testimony or evidence at trial it believes was not properly disclosed.

MEMORANDUM DECISION AND ORDER - 8