UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL C. ARRIWITE,<br><br>　　Plaintiff,<br><br>v.<br><br>SME STEEL CONTRACTORS, INC.,<br>SME John Does I-V,<br><br>　　Defendants. | Case No. 4:18-cv-00543-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Daniel Arriwite's Bill of Costs. Dkt. 91. Defendant SME Steel Contractors, Inc., ("SME") has filed an objection to the Bill. Dkt. 92. Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART Arriwite's Bill of Costs and SUSTAINS in PART and OVERRULES in PART SME's Objection.

## II. BACKGROUND

In his Complaint, Arriwite brought four causes of action: (1) wrongful termination in violation of public policy; (2) negligent infliction of emotional distress; (3) breach of the covenant of good faith and fair dealing; and (4) wrongful discharge. Dkt. 1. After summary judgment, only Claims I and III remained, and Arriwite proceeded to trial on those claims. Dkt. 36.

A five-day jury trial began on October 25, 2021. Ultimately, the jury found SME

did not wrongfully discharge Arriwite in violation of public policy (Claim I) but did find that it had breached the covenant of good faith and fair dealing (Claim II) and awarded Arriwite $80,000 in damages. The Court subsequently denied SME's Renewed Motion for Judgment as a matter of law (Dkt. 89) and entered judgment (Dkt. 90).

Thereafter, Arriwite filed his Bill of Costs (Dkt. 91) to which SME filed a partial objection (Dkt. 92).

### III. LEGAL STANDARD

District of Idaho Local Civil Rule 54.1 provides that, "Within fourteen (14) days after entry of a judgment . . . the prevailing party must serve and file a cost bill in the local form prescribed by the Court." Dist. Idaho. Loc. Civ. R. 54.1(a)(1).

Parties are entitled to costs for a limited subset of litigation expenses incurred. 28 U.S.C. § 1920. These are: (1) fees of the clerk, (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification, and the cost of making copies of any materials where the copies are necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and compensation of interpreters. *Id.* All costs must be supported by an itemization and documentation for requested costs in all categories. AO Form 133; District of Idaho Bill of Costs, at 1.[1]

### IV. ANALYSIS

In his Bill, Arriwite seeks $9,460.62 in costs. Dkt. 91, at 1. This total amount is

---

[1] The District of Idaho's bill of costs can be found athttps://id.uscourts.gov/Content_Fetcher/index.cfml/Bill_of_Costs_1028.pdf?Content_ID=1028.

MEMORANDUM DECISION AND ORDER - 2

comprised of $400 in Clerk's fees, $1,599.94 in trial transcripts, $1,511.58 in deposition costs, $5,767.50 in witness fees, and $182.00 for copying costs. *Id.* The Court will address each amount in turn.

### A. Clerk's fees

Arriwite requests the $400 filing fee he paid to initiate this case. He has provided proper documentation. Dkt. 91, at 4. SME does not object. This amount will be awarded.

### B. Trial Transcripts

Arriwite seeks $1,599.94 for trial transcripts. SME objects noting that: (1) it appears these fees are also being sought under deposition costs, and (2) one of the requests is not allowed.

In support of this request, Arriwite has filed invoices from T&T Reporting for deposition taken on January 30–31, 2020. The first (invoice #15448) totals $860.55; the second (invoice #15450) totals $372.50; the third (invoice #15451A) totals $248.89 for a grand total of $1,481.94. *Id*. at 6–8. Arriwite also attaches a bill from the Court's court reporter—Anne Bowline—for $58.80. This was a daily transcript from trial that Arriwite requested.

First, $1,481.94 plus $58.80 equals $1,540.74 not $1,599.94. The Court does not know how Arriwite reached that total.

Second, these are costs from three depositions that took place on January 30 and 31, 2020. They are not trial transcripts.

Third, the $58.80 charge by the Court's court reporter—the only change that *could* be awarded here—was not requested by the Court or via stipulation of the parties as the

MEMORANDUM DECISION AND ORDER - 3

form requires. It was requested by Arriwite himself thus he must bear that cost. No costs will be awarded in this category.

### C. Deposition Costs

Here, Arriwite includes a statement from T&T reporting that details the three previously mentioned depositions. Dkt. 91, at 11. It references the three invoices and dates as before. Oddly, the totals in this statement are slightly higher than the prior invoices. As best the Court can tell, there was a small percentage increase based on the fact that the bill was over 30 days old. This statement total is $1,511.58 (as opposed to $1,481.94).

SME does not object to these costs. *As deposition costs*, this request is appropriate and will be awarded.

### D. Witness Fees

Here, Arriwite has requested fees relative to two experts. These experts prepared reports on his behalf and testified at trial. The instructions on the form outline that the fees will be "at [the] statutory fare (28 USC § 1821). Mileage outside the district limited to 100 miles each way absent prior court order. Expert witness fess at the same rate as other witness fees. Complete the worksheet on the reverse of this form and enter the total here." Dkt. 91, at 1.

Arriwite entered one day of attendance for Tyler Bowles totaling $750.00 and "subsistence costs" in the amount of $2,812.50 for a total request of $3,562.50. He also requested $2,205.00 for Debra Nims's subsistence. The problem with these requests is that expert witness fees themselves are not recoverable and the other items listed are inappropriate in a bill of costs.

MEMORANDUM DECISION AND ORDER - 4

Local Rule 54.1(a)(1)(A) directs that costs must be taxed in conformity with the applicable statutory provisions—28 U.S.C. § 1821 and § 1920. *See also Crawford Fitting Co. v. J. T. Gibbons Inc.*, 482 U.S. 437, 445 (1987) ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). And as noted, the bill of costs form itself directs that witness fees are taxed "at [the] statutory rate" (including expert fees).

The statutory rate is $40 per day. 28 USC 1821(b). This Court has consistently awarded the statutory rate and no more. *See, e.g., United States for use & benefit of Mountain Utilities, Inc. v. Fid. & Deposit Co. of Maryland*, 2022 WL 17162858, at *1 (D. Idaho Nov. 22, 2022) (declining to award expert fees and explaining that "expert witnesses who testify at trial can recover their normal travel expenses and a subsistence allowance when an overnight stay is required.") (cleaned up); *Ely v. Bd. of Trustees of PACE Indus. Union - Mgmt. Pension Fund*, 2021 WL 1840884, at *2 (D. Idaho May 7, 2021) (noting the statutory fee of $40 was all that would be awarded); *Kayser v. McClary*, 875 F. Supp. 2d 1167, 1183 (D. Idaho 2012), aff'd, 544 F. App'x 726 (9th Cir. 2013) (declining to award expert witness attendance fee beyond statutory rate).

Thus, Arriwite's request for Bowel's $750 appearance fee is inappropriate. That may be what he charged Arriwite, but the Court can only tax the statutory rate. The Court will award $40 for Bowles's day of testimony and $40 for Nims's day of testimony as well.

The remaining fees Arriwite placed under subsistence are also not appropriate. The bills show that these are true expert fees (i.e. fees for drafting reports, reviewing the case,

MEMORANDUM DECISION AND ORDER - 5

preparing for trial, etc.). Dkt. 91, at 13–16. Although it does not appear this Court has specifically addressed expert fees not related to trial, other courts have. *See, e.g., El Camino Resources, Ltd. v. Huntington Nat. Bank*, 2012 WL 4808741 (W.D. Mich. May 3, 2012) ("[s]eeking the taxation of these expert fees in a bill of costs is [] improper."); *Native Am. Arts, Inc. v. Indio Products, Inc.*, No. 06 C 4690, 2012 WL 729291, at *2 (N.D. Ill. Mar. 6, 2012)" (explaining that the recovery of expert fees may be allowed under various statutes or rules of civil procedure, but not in a bill of costs); *Calder v. Blitz U.S.A., Inc.*, 2011 WL 1302232 (D. Utah. April 5, 2011) (expert witness fees under Rule 26 are not taxable as costs under Rule 54, even for prevailing party).

"Subsistence" is defined as travel, lodging, and meals and may not exceed the federal government per diem rates. *See* 28 U.S.C. § 1821(d); 5 U.S.C. § 5702. Thus, there *may* have been some of these types of costs that could have been recoverable, but Arriwite did not itemize any in his submission. In sum, the Court will only award $80 in this section.

### E. Copying Fees

Finally, Arriwite requests $182.00 for copying costs. This subsection on the Court's form explains these costs are for the "cost of exhibits attached to documents required to be filed and served; exemplification fees; copies of preparing clerks record on appeal. Copies of motions, pleadings and other routine case papers NOT ALLOWED." Dkt. 91, at 1 (emphasis in original).

Arriwite has submitted invoices for copies. *Id.* at 18–19. The first page has no dates but appears to capture a long time period (i.e. routine copies throughout the litigation). The second page has dates. One entry stands out to the Court. An entry dated October 29, 2021.

This would have been right after trial. The assumption *could* be made that these were copies of exhibits *that the court requested* be available during trial. These costs are not explicitly allowed, but come closer to the spirit of the Court's form. But the Court cannot know.

In sum, these entries all appear to be "routine" and will not be allowed.

## V. CONCLUSION

Arriwite may recover $400.00 in Clerk's fees, $1,511.58 in deposition costs, and $80.00 in witness fees for a total of $1,911.58.

## VI. ORDER

The Court HEREBY ORDERS:

1. Plaintiff's Bill of Costs (Dkt. 91) is GRANTED in PART and DENIED in PART and Defendant's Objection (Dkt. 92) is SUSTAINED in PART and OVERRULED in PART as outlined above.

2. The Court will enter an AMENDED JUDGMENT reflecting this decision.

DATED: August 2, 2023

_____
David C. Nye
Chief U.S. District Court Judge